UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

NORMAN DAVID SOMERVILLE,           )
                                   )
        Petitioner,                ) Civil Action No. 5: 07-251-JMH
                                   )
V.                                 )
                                   )
FEDERAL BUREAU OF PRISONS and      )
HARRY G. LAPPIN,                   )        **MEMORANDUM OPINION**
                                   )            **AND ORDER**
        Defendants.                )

\*\*\*     \*\*\*     \*\*\*     \*\*\*

Plaintiff Norman David Somerville ("Somerville") commenced this action by filing a "Petition for Declaratory Relief under 28 U.S.C. § 2201 for "Crime of Violence" Designation under 18 U.S.C. § 4042(b) by Federal Bureau of Prisons." [R. 2] Finding that the petition set forth a colorable claim for relief, the Court directed service of summons upon Defendants Federal Bureau of Prisons ("BOP") and BOP Director Harry G. Lappin ("Lappin"). [R. 9] Defendants filed a Response to the Petition ("Response"). [R. 14] Somerville then filed a Motion for Summary Judgment [R. 19] and Motion for Leave to File Second Amended Petition. [R. 20] Defendants filed a Response in opposition to the request for leave to amend the petition, and Somerville filed a Reply in further support. [R. 22, 23] The Defendants did not file any response to Somerville's summary judgment motion. This matter is ripe for adjudication.

I.   **FACTUAL BACKGROUND**

On August 11, 2004, Somerville plead guilty to possession of

13 machine guns in violation of 18 U.S.C. § 922(o)(1) pursuant to a written plea agreement in exchange for the dismissal of other charges, including those related to the interstate transportation of firearms and conspiracy to manufacture marijuana in violation of 18 U.S.C. § 924(a)(2) and 26 U.S.C. § 5845(b).  On March 24, 2005, Somerville was sentenced to an eighty (80) month term of incarceration to be followed by a three (3) year term of supervised release.  Somerville's conviction and sentence were affirmed on direct appeal by the Sixth Circuit on August 1, 2006.  *United States v. Somerville*, 03-CR-239, Western District of Michigan [R. 54, 96, 99, 157 therein]  Somerville's motion to vacate his conviction pursuant to 28 U.S.C. § 2255 was subsequently denied by the trial court, and is currently on appeal to the Sixth Circuit.  *Somerville v. United States*, 07-CV-773, Western District of Michigan [R. 1, 17, 19 therein].

After the Bureau of Prisons ("BOP") accepted custody of Somerville for service of his term of incarceration, the BOP determined that Somerville's conviction was for a crime that constituted a "crime of violence" within the meaning of Program Statement 5162.04 § 6.  The BOP concluded that 18 U.S.C. § 4042(b)(1) therefore required it to notify local authorities 5 days prior to Somerville's release from incarceration under Program Statement 5110.15 § 1, 9.

Somerville challenged the characterization of his conviction for possession as one involving a "crime of violence" by filing a

2

Form BP-229 with the warden, and then unsuccessfully appealing the warden's denial to the BOP's Regional and Central Offices.  On appeal, the BOP at each level reiterated its position that Program Statement 5162.04 expressly identifies a conviction under Section 922(o) for possession of a machine gun as a "crime of violence." See Program Statement 5162.04 § 6(a) ("Any conviction for any offense listed below is categorized as a crime of violence. (1) Title 18, United States Code Sections ... 922(a)(4), (a)(7), (a)(8), (b)(4), (b)(5), (d)(1), (d)(2), (d)(4), (d)(8), (o), (p).").  The Regional Office's response expressly stated that a Section 922(o) conviction "will be categorized as a Crime of Violence **in all cases**." (emphasis added).  The Central Office repeated this view: "... many firearms violations, including your offense in violation of 18 USC 922(o)(1), are categorized as crimes of violence **in all cases.**  Possession of a machine gun, by its very nature, involves a substantial risk of violence or force."

Somerville then filed the present action, seeking an order directing the BOP to remove the designation of his offense as one involving a "crime of violence" for purposes of Section 4042(b). In its Response [R. 14], the BOP challenged Somerville's Petition on two fronts.  First, the BOP asserted that Somerville's petition may proceed, if at all, as an action under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.* ("APA").  But, the BOP continues, any APA claim must fail because there is no "final agency action" by the BOP to review because classification decisions such as the one

3

at issue here "are subject to regular review by prison staff." Response at pg. 3; Program Statement 5110.15 § 13.  Second, the BOP asserts that regardless of the nature of the claim or procedure by which it is presented, Somerville's claim must fail because numerous courts have held that a conviction under Section 922(o) is a conviction for a "crime of violence."  The Court will address the parties' contentions in turn.

**II.  DISCUSSION**

    **A.  <u>Characterization of Somerville's Claim</u>.**

    Somerville's original petition characterized his claim as one seeking a declaration of rights pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 2201.  The former provision grants subject matter jurisdiction to federal courts in matters presenting a substantial question of federal law; the latter provision authorizes relief in the form of a declaration of rights.  Neither provision itself creates a cause of action: one merely provides a forum for asserting federal claims, the other permits a declaration of rights as a form of relief if a cause of action is successfully asserted. *Walker Process Equip., Inc. v. FMC Corp.*, 356 F.2d 449, 451 (7th Cir. 1966).  Accordingly, the Court's subject matter jurisdiction must be predicated upon some other basis which provides a cause of action for the plaintiff to assert.  *Nuclear Engineering Co. v. Scott*, 660 F.2d 241, 253-54 (7th Cir. 1981).

    In *Royce v. Hahn*, 151 F.3d 116 (3rd Cir. 1998), the Third Circuit held that a challenge like that presented here cannot be

4

asserted in a habeas corpus petition pursuant to 28 U.S.C. § 2241 because it does not challenge the fact or duration of confinement. *Royce*, 151 F.3d at 118. However, the court held that the petition "should have been construed as an action seeking a declaratory judgment under 28 U.S.C. § § 1331 and 2201." *Id*. The Third Circuit did not expressly identify the source of the petitioner's cause of action over which the district court possessed jurisdiction under Section 1331, whether a *Bivens* action, an APA action, or from some other source.

This Court, relying on *Royce*, initially found "Somerville's request for declaratory relief to be an appropriate vehicle for challenging the BOP's characterization." [R. 9 at 5 n.1] While this conclusion was adequate as a preliminary determination upon initial screening, Defendants have squarely questioned the existence of jurisdiction in this matter [R. 14 at 2], and the Court has an independent duty to satisfy itself that subject matter jurisdiction is present. *Alongi v. Ford Motor Co.*, 386 F.3d 716, 728 (6th Cir. 2004); *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934).

The Court agrees with Defendants that the APA appears to provide the primary, if not only, viable avenue for Somerville to pursue his claim. As discussed in *Bunn v. Conley*, 309 F.3d 1002 (7th Cir. 2002), a challenge to the BOP's designation of an offense as a "crime of violence" requiring notification under Section 4042(b) in Program Statement 5162.04 is, in reality, a "complaint that the Program Statements went beyond the authority conferred

upon the BOP by 18 U.S.C. § 4042(b)." *Id.* at 1006. A *Bivens* action would not be the appropriate vehicle, as Petitioner does not complain that BOP staff violated his constitutional rights, and the notification he wishes to avoid "is not something that concerns his confinement." *Id.* at 1008. The Court concurs with the Seventh Circuit's conclusion in *Bunn* that a challenge like that presented by Somerville here is a challenge to the BOP's Program Statement under the APA. *Bunn*, 309 F.3d at 1009; *see also Bourke v. Hawk*, 121 F.Supp. 2d 9, 13 (D.D.C. 2000) (inmate's challenge to "crime of violence" designation is properly brought pursuant to the APA). Further, Somerville has indicated his willingness to have his claim assessed under the APA with the filing of his Second Amended Petition. [R. 20]

The Defendants next contend that, so construed, Somerville's claim under the APA must fail because there is no "final agency action" to review in this matter. 5 U.S.C. § 704; *Air Brake Systems, Inc. v. Mineta*, 357 F.3d 632, 638 (6th Cir. 2004). While a notation has been made in Somerville's file that local authorities are to be notified pursuant to Section 4042(b) prior to the commencement of his term of supervised release, Program Statement 5110.15 § 13 requires BOP staff to regularly review Somerville's custody and classification prior to his release.

The Defendants' position demonstrates a misunderstanding of their own argument and *Bunn*. Somerville's challenge under the APA is to BOP Program Statement 5162.04's inclusion of a conviction

6

under Section 922(o) for possession of a machine gun as a "crime of violence" in all cases. *Bunn*, 309 F.3d at 1009. This is not a decision that BOP staff make at each custody review; it is a decision that the BOP has made categorically and applies to all prisoners, regardless of the facts particular to their conviction. Program Statement 5162.04 § 6(a) treats **all** convictions under Section 922(o) as convictions for a "crime of violence" in all instances. If this were not clear from the text of the Program Statement itself, the BOP made this abundantly clear during the process of Somerville's administrative appeals: in its May 22, 2007, denial of Somerville's administrative appeal, the Central Office reiterated that "... many firearms violations, including your offense in violation of 18 USC 922(o)(1), are categorized as crimes of violence **in all cases.** Possession of a machine gun, by its very nature, involves a substantial risk of violence or force." The BOP staff reviewing Somerville's custody classification at each review will simply apply the Program Statement in the same categorical fashion in which it is written. Accordingly, the Court will assess the merits of Somerville's challenge to the Program Statement under the APA.

  **B.   <u>Validity of Program Statement 5162.04 under the APA</u>.**

  18 U.S.C. § 922(o)(1) makes it "unlawful for any person to transfer or possess a machinegun." Somerville plead guilty to violating this provision on August 11, 2004.

  Shortly after his original surrender to BOP custody, the BOP

7

undertook a custody review of Somerville. Because the determination that an inmate did or did not commit a "crime of violence" affects a number of BOP decisions, including facility and unit placement, eligibility to participate in certain BOP rehabilitative programs, and availability of certain benefits in prison, upon initial surrender to custody the BOP reviews the inmate's current offense(s), and in some instances prior criminal offenses, to determine whether he should be designated as having committed a "crime of violence." See Program Statement 5162.04 §§ 1, 5.

Program Statement 5162.04 § 6(a)(1) directs BOP staff to designate an inmate as having committed a "crime of violence" "in all cases" for the offenses identified in that section. Somerville's offense -- possession of a machine gun in violation of Section 922(o)(1)-- is an identified offense. Whatever other consequences this "crime of violence" designation may have had for Somerville, his petition concerns only one: BOP staff indicated in his Program Review Report that Somerville was "Subject to Notification under 18 U.S.C. 4042(B)."

Section 4042(b) requires the BOP to notify local law enforcement officials of the imminent release from custody of inmates convicted of certain "violent" crimes:

> At least 5 days prior to the date on which a prisoner described in paragraph (3) is to be released on supervised release, ... written notice of the release or change of residence shall be provided to the chief law enforcement officer of the State and of the local jurisdiction in which the prisoner will reside.

18 U.S.C. § 4042(b)(1).  The "prisoner[s] described in paragraph (3)" are those who are convicted of:

(A) a drug trafficking crime, as that term is defined in section 924(c)(2); or

(B) a crime of violence (as defined in section 924(c)(3)).

18 U.S.C. § 4042(b)(3).  Thus, Section 4042(b) requires notification of the release of prisoners convicted of drug trafficking crimes and those who committed "crimes of violence" as defined by 18 U.S.C. § 924(c)(3).

Section 924(c)(3) defines a "crime of violence" as a felony that:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

The parties agree, and courts have uniformly held, that a conviction for possession of a firearm does not include as an element of the offense the "use, attempted use, or threatened use of physical force against the person or property of another." *United States v. Amos*, 501 F.3d 524, 536 (6th Cir. 2007); *Royce v. Hahn*, 151 F.3d 116, 119 (3rd Cir. 1998).  Accordingly, Section 924(c)(3)(A) does not provide a basis for concluding that a conviction for mere possession of a weapon is a "crime of violence."  Program Statement 5162.04, § 6(a)(1)'s inclusion of a

conviction under Section 922(o) for possession of a machine gun as a "crime of violence" is therefore legally defensible only if it satisfies Section 924(c)(3)(B) as an offense which "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

The Sixth Circuit has not decided this precise question. However, the Sixth Circuit and other courts of appeal have evaluated the closely-related questions (1) whether a conviction for possession of another type of firearm satisfies the definition under Section 924(c)(3)(B); and (2) whether a conviction for possession of a machine under Section 922(o) satisfies definitions that are similar or functionally-identical under other provisions of the law. A review of these cases makes clear that Program Statement 5162.04's inclusion of a conviction under Section 922(o) for possession of a machine gun as a "crime of violence" is an impermissible construction of Section 924(c)(3) under established Sixth Circuit precedent.

The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. In assessing the validity of an agency's regulations or guidelines, a court must first determine what, if any, deference is to be afforded to the agency's interpretation of the controlling statute. The guideline

10

at issue here is BOP Program Statement 5162.04.  The BOP's Program Statements are internal agency guidelines that are "akin to ... interpretive rules."  Because they are not promulgated in full compliance with the notice and comment requirements of the APA, the Program Statements are entitled to "some deference," but only if they constitute a "permissible construction" of the statute under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 (1984).  *Reno v. Koray*, 515 U.S. 50, 61 (1995).[1]

One of the earliest Sixth Circuit decisions discussing the BOP's identification of "crimes of violence" came in *Orr v. Hawk*, 156 F.3d 651 (6th Cir. 1998).  In *Orr*, the BOP refused to consider a prisoner for early release under 18 U.S.C. § 3621(e) because he had been convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g).  18 U.S.C. § 3621(e)(2)(B) permits the BOP to grant a reduction in sentence of up to one year to a prisoner who was convicted of a "nonviolent offense."  While the statute does not define what offenses are "nonviolent," the BOP

---

[1]  In *Royce v. Hahn*, 151 F.3d 116 (3rd Cir. 1998), the Third Circuit held that the BOP Program Statements identifying "crimes of violence" for purposes of Section 4042(b) were not entitled to *any* deference because in that statute Congress specifically directed the BOP to use Section 924(c)(3) to define the phrase:  "Such an explicit reference to a statutory definition demonstrates a Congressional intent to forestall interpretation of the term by an administrative agency and acts as a limitation on the agency's authority."  *Royce*, 151 F.3d at 123.  Because Congress defined the term by statute, the BOP's interpretation of a general statute was not entitled to any deference.  *Id.* (*citing U.S. Dep't of the Navy v. FLRA*, 840 F.2d 1131, 1134 (3rd Cir. 1988).  The Court need not address this question, as the result is the same even affording the BOP's Program Statement "some deference" under *Reno.*

11

defined those offenses as any offense that does not constitute a "crime of violence" within the meaning of 18 U.S.C. § 924(c)(3), an analytical approach that is required by established precedent throughout the circuits. *Orr*, 156 F.3d at 654.

The BOP rejected Orr for consideration because it determined that his "felon in possession" conviction was for a "crime of violence" under Section 924(c)(3). The Sixth Circuit, while affording the BOP's Program Statement the limited level of deference afforded agency interpretive rules, flatly rejected that conclusion. First, possessory offenses plainly fall outside the locus of conduct described in Section 924(c)(3). *Orr*, 156 F.3d at 652 ("18 U.S.C. § 924(c)(3) ... contains no language that would include mere possessory offenses ..."). Nor do other provisions of the criminal code which set forth identical or functionally-equivalent language include possessory offenses within their scope. *Orr*, F.2d at 655-56 ("Several sections of the Criminal Code define crimes of violence, but none mentions mere possessory offenses as falling within its purview."). Accordingly, the Court rejected the BOP's Program Statement as contrary to the express terms of the statute it was designed to implement: "In view of the absence of statutory support for the agency's definition of "nonviolent offense," or, conversely, "crime of violence," as well as the body of decisional law construing the term "crime of violence" not to include § 922(g) violations, the BOP cannot reasonably refuse to consider those convicted as felons in possession for early release

12

under § 3621(e)(2)(B)." *Id.* at 656.

The same year *Orr* was decided, the Third Circuit decided *Royce*, in which it held that the same offense - being a felon in possession of a firearm - also did not meet the definition of a "crime of violence" under Section 924(c)(3) for purposes of the same notification statute at issue in this case, 18 U.S.C. § 4042(b). *Royce v. Hahn*, 151 F.3d 116, 119 (3rd Cir. 1998). In concluding that merely possessing a firearm did not "by its nature, involve[] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," the Third Circuit noted that courts had construed the nearly-identical language in U.S.S.G. 4B1.2, 18 U.S.C. § 924(e), and 18 U.S.C. § 3621(e)(2)(B) as not encompassing firearm possession offenses. *Royce*, 151 F.3d at 120-21. Because being a felon in possession of a firearm was not a "crime of violence" under Section 924(c)(3), the Third Circuit held that Section 4042(b) did not compel the BOP to provide the notification set forth in that provision.[2]

---

[2]   The Third Circuit did not reach the BOP's alternative argument that notification was required because Royce had also been convicted for possessing a machine gun under Section 922(o), because the BOP had not raised the argument below. *Royce*, 151 F.3d at 124. *Royce* therefore does not squarely address the issue presented in this case. It should be noted, however, that the Third Circuit's analysis - "possessing a gun while firing it ... is a crime of violence; possession without firing the weapon is not" - would compel the same conclusion with respect to a machine gun. Indeed, the firearm which resulted in Royce's felon-in-possession conviction was the same firearm, a 9mm "Mac-10" machine gun, which resulted in his machine gun possession conviction under 922(o). *Id.* at 117.

13

Against the weight of this authority, Defendants point to two cases decided after *Orr* and *Royce* from outside the Sixth Circuit. In *Sutherland v. Fleming*, 2000 WL 1174566 (10th Cir. 2000), the Tenth Circuit held that the BOP's characterization of a conviction for possession of a machine gun under Section 922(o) as a "crime of violence' within the meaning Section 924(c)(3) was "reasonable" for purposes of the one-year sentence reduction available under Section 3621(e)(2)(B). The *Sutherland* panel also upheld the BOP's determination that notification was required by Section 4042(b), *not* because of his Section 922(o) conviction, but solely because of the petitioner's prior conviction for burglary. *Id*. at **2 ("The sole question we address is whether this burglary conviction is properly characterized as a crime of violence under § 924(c)(3).").

With respect to *Sutherland*'s analysis of the "crime of violence" determination under Section 3621, that analytical approach – and hence its holding – is inconsistent with established Sixth Circuit precedent. As noted above, almost all circuits, including at least the Third, Sixth, Seventh, Eighth, Ninth, and Eleventh, require that "in interpreting the otherwise undefined term 'nonviolent offense,' [in Section 3621(e)(2)(B)] courts must do so by reference to the term 'crime of violence.' [in Section 924(c)(3)]". *Orr*, 156 F.3d at 653. In contrast, in *Sutherland* the Tenth Circuit concluded that because Section 3621 expressly delegates the responsibility of identifying what offenses are "nonviolent offenses" which are eligible for the sentence reduction

14

to the Attorney General, review of the BOP regulation performing that function "is limited to determining whether the BOP exceeded its statutory authority." *Sutherland*, at **1.

The less deferential standard employed by the Sixth and other circuits is not a semantic distinction, but one which is most cases will be outcome-determinative; the result in *Orr*, finding a felon-in-possession conviction is not a "crime of violence," and the reasoning employed to reach it, *Orr*, 156 F.3d at 652 ("18 U.S.C. § 924(c)(3) ... contains no language that would include mere possessory offenses ..."), clearly indicates that *Sutherland*'s holding under Section 3621 cannot be employed to determine the outcome in the Sixth Circuit under Section 4042(b).

Indeed, *Sutherland* itself strongly suggests that, absent the deference it afforded to the BOP's regulation under Section 3621, the Tenth Circuit harbored strong reservations about reaching the same conclusion for Section 922(o) conviction as a "crime of violence" conviction under Section 924(c)(3) for Section 4042(b) purposes.  In that case, although Sutherland's sole current conviction was for possession of a machine gun under Section 922(o), and the panel had just determined that the BOP could characterize that conviction as for a "crime of violence" for Section 3621 purposes, the panel notably ignored that conviction when addressing Sutherland's challenge to notification under Section 4042(b).  Instead, the panel reached far back into Sutherland's prior criminal history and relied upon a state

15

burglary conviction, committed 17 years before his firearm conviction, as a basis upon to determine that he had committed a "crime of violence." *Sutherland* at **2.

Defendants also cite *United States v. Golding*, 332 F.3d 838, 844 (5th Cir. 2003), in which the Fifth Circuit held that a prior conviction for possession of a machine gun under Section 922(o) qualified as a "crime of violence" for purposes of sentencing enhancement under U.S.S.G. 4B1.2(a). This Court, however, is bound by authority from the Sixth Circuit, which compels the opposite result. Recently, in *United States v. Flores*, 477 F.3d 431 (6th Cir. 2007), the Sixth Circuit noted that 18 U.S.C. § 924(e)(2)(B)(ii) expressly identified "burglary, arson ... extortion [or the] use of explosives" as illustrative examples of "conduct that presents a serious potential risk of physical injury to another...." Because "Each of these crimes involves ***affirmative and active conduct*** that is not inherent in the crime of carrying a concealed weapon," the Sixth Circuit held that a prior conviction for carrying a concealed weapon does not constitute a prior "violent felony" under the Armed Career Criminal Act ("ACCA") set forth in Section 924(e). *Flores*, 477 F.3d at 436 (emphasis added). In doing so, the court noted that while the phrases "violent felony" under the ACCA and "crime of violence" under U.S.S.G. § 4B1.2 use operative language that is "identical," they remain terms of art which "are not interchangeable." The Court nonetheless found decisions under the latter provision

16

"instructive" in deciding issues arising under the former. *Id.* at 436 n.3.  Relying in part on its prior decision in Orr, the Sixth Circuit held that "[a]lthough carrying an illegal weapon may involve a continuing risk to others, the harm is not so immediate as to present a serious risk of physical harm to another." *Id*. at 435.

The Sixth Circuit subsequently reached the same result with respect to a prior conviction for possession of a sawed-off shotgun in *United States v. Amos*, 501 F.3d 524 (6th Cir. 2007). Acknowledging that the greater weight of authority from other jurisdictions held that such a conviction was a prior "violent felony" under the ACCA, the Sixth Circuit found support for its position in *United States v. Doe*, 960 F.2d 221 (1st Cir. 1992), an opinion authored by Justice Stephen Breyer.  In the same manner used by the Sixth Circuit in *Flores*, in *Doe* the First Circuit concluded that because the offenses specifically identified in the ACCA all involved "active violence," the residual language in the statute was likewise intended to cover only offenses involving "active violence."  Because offenses such as possessing a weapon or drunken driving involve conduct that is more passively ***dangerous*** than actively ***violent***, Congress did not intend such offenses to fall within the scope of the ACCA.  *Doe*, 960 F.2d at 224-25.  The Sixth Circuit adopted this reasoning, further noting that:

> The important goals behind statutes directed at gun possession do not automatically convert violations of their requirements into "crimes of violence."  Further, if Congress had wanted the ACCA to cover offenses for

> possession of firearms as predicate offenses, it could
> easily have done so explicitly (i.e., the definition of
> violent felony could have included "possession of a
> firearm in violation of state or federal law"). ... the
> plain language of the statute evinces an intent to
> include only offenses with more assertive, violent
> conduct than mere possession, just like the
> felon-in-possession statute addressed in *Doe*.

*Amos*, 501 F.3d at 529. A concurring opinion noted that the Supreme
Court had recently adopted and applied the same reasoning employed
by Justice Breyer in *Doe* in a case involving a prior conviction for
drunken driving. *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004)
(driving under the influence is not the kind of "violent, active
crime" which constitutes a "crime of violence" under 18 U.S.C.
§ 16). The Supreme Court has recently applied the same approach to
determine whether a crime is a "violent felony" under the ACCA.
*Begay v. United States*, 128 S.Ct. 1581, 1584 (2008).

The Defendants' attempt to distinguish this controlling
authority is unconvincing. Defendants contend that a conviction
for possession of a machine gun under Section 922(o) may be validly
considered a "crime of violence," even if a conviction for
possession of a sawed-off shotgun may not under Sixth Circuit
precedent, because: (1) machine guns are more dangerous than sawed-
off shotguns; and (2) machine guns may not legally be possessed at
all; whereas sawed-off shotguns may be possessed by those who
register them. While it may or may not be true that a machine gun
is a more dangerous weapon than a sawed-off shotgun, this fact
plays no controlling role in the statutory analysis. The Sixth
Circuit's focus in *Orr* (and that of other jurisdictions) under

18

Section 924(c)(3) is whether the purely passive **possession** of the weapon, without more, is not merely dangerous, which it doubtless is, but **violent**.   The Defendants' second argument is simply factually false: machine guns may be lawfully possessed by those who were in lawful possession of them prior to the effect date of the act.  18 U.S.C. § 922(o)(2).  Finally, and most fundamentally, the distinction Defendants attempt to draw between sawed-off shotguns and machine guns is simply irrelevant, because it is not a part of the Program Statement under review. *Bourke v. Hawk*, 121 F.Supp. 2d 9, 13-14 (D.D.C. 2000) ("For the same reasons that a violation of 18 U.S.C. § 922(g) (felon-in-possession of a firearm) is not a "crime of violence," the possession of a machine gun is not a crime of violence.  ...  It is of course true that a machine gun is more dangerous than a handgun, but Program Statement 5162.02 does not classify weapons or distinguish one from another on the basis of firepower, and defendant's effort to do so here is *post hoc* rationalization.")

Based on the foregoing, the Court must conclude that a conviction for possession of a machine gun under 18 U.S.C. § 922(o) is not a conviction for a "crime of violence" within the meaning of 18 U.S.C. § 924(c).  Accordingly, 18 U.S.C. § 4042(b) does not apply, and the BOP is therefore not required to provide the notification described therein.

The Court is in agreement with the Defendants, however, that a ruling in Somerville's favor on this interpretive question is

19

something of a Phyrric victory in light of the severely limited
effect of this holding.  As the Seventh Circuit has noted:

> A look at the history of this case suggests that a great
> deal of effort has been expended on an irrelevant issue:
> whether 18 U.S.C. § 4042(b) empowers the BOP to notify
> law enforcement representatives of the release of a felon
> into the community, or whether PS 5110.15 is consistent
> with § 4042(b). The reason why both questions are beside
> the point is that they focus on a statute that does not
> prohibit the BOP from doing certain things; instead, it
> requires the BOP to do other things-that is, to notify
> the state and local authorities under certain
> circumstances. It is aptly entitled 'Duties of Bureau of
> Prisons.'  It is a substantial stretch to infer from
> Congress's decision to impose this duty on the BOP the
> additional notion that Congress meant to forbid the BOP
> from notifying interested public authorities in other
> situations, or in fact from doing a whole host of other
> things.

*Bunn*, 309 F.3d at 1009-10.  The Court has not located any authority
which indicates whether the BOP is either permitted or prohibited
from providing a comparable notification outside the aegis of
Section 4042(b).   There is some authority, however, which
implicitly suggests that Section 4042 does not constitute the outer
boundaries of the BOP's authority to provide such notifications.
*See, e.g., Fox v. Lappin*, 409 F.Supp.2d 79, 87 (D. Mass. 2006)
("The Bureau argues that, regardless of the Court's decision as to
the statutory directive, the Bureau should not be prevented from
notifying state and local authorities of Fox's release.
Notification of release of a sex offender by the Bureau pursuant to
Section 4042(c), however, imposes registration obligations both on
the person released and the state notified. ***The Bureau is certainly
free to notify the state as to a released inmate's prior sex***

20

*offenses. The Bureau, however, can in no way require the inmate to register as a sex offender with that state*.") (emphasis added). That question, however, is not currently before the Court, and Somerville has not previously grieved the issue within the BOP. Accordingly, the Court expresses no opinion on the question.

III. CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.   Somerville's Motion for Leave to File Second Amended Petition [R. 20] is **GRANTED.**

2.   Somerville's Motion for Summary Judgment [R. 19] is **GRANTED IN PART** and **DENIED IN PART** in accordance with this Memorandum Opinion and Order.

3.   Somerville's petition for declaratory judgement is **ALLOWED.** Petitioner Norman David Somerville's conviction under 18 U.S.C. § 922(o) for possession of a machine gun is not a conviction for a "crime of violence" within the meaning of 18 U.S.C. § 924(c)(3), and therefore the Bureau of Prisons' obligations under 18 U.S.C. § 4042(b) are not triggered.

4.   The Bureau of Prisons is hereby enjoined from applying the provisions of 18 U.S.C. § 4042(b) to Somerville based on his current offense.   Further, any notice sent to state or local authorities informing them of Somerville's release from federal custody must explicitly state that such notice is not made pursuant to Section 4042(b).

5.   This Memorandum Opinion and Order is limited to 18 U.S.C.

21

§ 4042(b), and shall not be construed to either permit or restrict the BOP's duties or obligations outside of that provision.

This the 26th day of September, 2008.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge